UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HECTOR OROZCO,<br><br>          Petitioner,<br><br>    v.<br><br>CALIFORNIA DEPT. OF CORRECTIONS,<br><br>          Respondent. | No. CV 17-9012-AB (PLA)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION** |

Hector Orozco ("petitioner") initiated this action on December 15, 2017, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). Petitioner is currently in custody pursuant to a conviction in case number TA-089787 and is housed at Mule Creek State Prison in Ione, California.[1] (Pet. at 1-2[2]). Petitioner in the Petition appears to challenge his conviction in 1996 in case number SA-024705 for second degree

---

[1] On September 10, 2007, in case number TA-089787, a Los Angeles County Superior Court jury convicted petitioner of carjacking (Cal. Penal Code § 215(a)), evading an officer (Cal. Vehicle Code § 2800.2), and possession of a firearm by a felon (Cal. Penal Code § 12021(a)(1)). He was sentenced to state prison for a total of thirty-four years, four months. People v. Orozco, 2010 WL 716592, at *1 (Cal. App. 2 Dist. 2010).

[2] For ease of reference, the Court uses the ECF-generated page numbers when referring to the 2017 Petition and attachments.

robbery (Cal. Penal Code § 211), and assault with a deadly weapon (Cal. Penal Code § 245(a)(1)). (Pet. at 2, 22). Petitioner completed a six year sentence for that conviction, and now contends that his 1996 conviction for second degree robbery should be reclassified as a misdemeanor pursuant to Proposition 47.[3] (Pet. at 2, 11-12, 22).

Petitioner raised this claim in a habeas petition filed in the Los Angeles County Superior Court on December 5, 2016. The superior court denied the petition on December 21, 2016, stating in pertinent part:

> Petitioner was convicted by jury on June 19, 1996[,] of second degree robbery, in violation of Penal Code section 211, and assault with a deadly weapon, in violation of Penal Code section 245(a)(1). On October 29, 1996, Petitioner was sentenced to 6 years in the state prison. One May 16, 1997, the judgement was affirmed by the Second Appellate District. Thereafter, Petitioner filed a Petition for a Writ of Habeas Corpus which was denied on May 19, 2000.
>
> Petitioner's sole contention is that his conviction for second degree robbery in violation of Penal Code section 211, as charged in Count 1, should now be re-classified as a misdemeanor theft following passage of Proposition 47. In reality, Petitioner is asking this court to re-weigh the sufficiency of evidence for his conviction asserting that there is insufficient evidence to elevate the theft to a robbery. On direct appeal, Petitioner challenged his robbery conviction for insufficient evidence. That appeal was denied. Since the petition raises issues which were raised and rejected on appeal and Petitioner has failed to allege facts establishing an exception to the rule barring habeas consideration of claims that were [ ] raised on appeal, the Petition is denied. [Citations.]
>
> Moreover, since Petitioner completed his sentence on this matter, while he may be in custody in case TA089787, he is no longer in custody on this matter as defined under [California] Penal Code §§ 1473.

(Pet. at 22-23).

---

[3] Proposition 47, which took effect in California in November 2014, "reduced the penalties for certain drug and theft-related offenses and reclassified those offenses as misdemeanors rather than felonies. [Citations.] It also added section 1170.18 to the Penal Code, which allows those previously convicted of felonies that were reclassified as misdemeanors under Proposition 47, to petition the court to have their felony convictions designated as misdemeanors." People v. Zamarripa, 247 Cal.App.4th 1179, 1182-83, 202 Cal. Rptr. 3d 525 (Cal. App. 2 Dist. 2016).

Next, petitioner filed a habeas petition in the California Court of Appeal, which was denied on February 17, 2017.[4] (Pet. at 25). Petitioner also filed a habeas petition in the California Supreme Court, which was denied on October 11, 2017. (Pet. at 27).

### A. PETITIONER IS NOT "IN CUSTODY" ON THE 1996 CONVICTION

Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement is jurisdictional, and "therefore it is the first question [the Court] must consider." Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010) (internal quotations and citation omitted). A habeas petitioner is not "in custody" after the sentence imposed for the conviction is "fully expired." Maleng v. Cook, 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).

Here, petitioner was sentenced to a term of six years pursuant to his 1996 conviction. Petitioner concedes that he has completed that six-year sentence. (Pet. at 2). He has not indicated that he is still subject to probation for that 1996 conviction. Thus, to the extent petitioner challenges his 1996 conviction directly, the Petition should be dismissed for lack of subject matter jurisdiction.

### B. STATUTE OF LIMITATIONS

The Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See

---

[4] The appellate court's denial states that "Petitioner's 2007 robbery conviction is ineligible for reclassification as a misdemeanor under Proposition 47." (Pet. at 25). In the instant Petition, and in petitioner's habeas petition filed in the Los Angeles County Superior Court, however, petitioner challenges the classification of his 1996 conviction for robbery. Moreover, petitioner was not convicted of robbery in 2007. See Orozco, 2010 WL 716592. Accordingly, it appears that the appellate court inadvertently stated "2007" instead of "1996" with respect to the robbery conviction.

Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[5] In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, with respect to petitioner's 1996 conviction, his direct appeal was denied by the California Court of Appeal on May 16, 1997, and he did not file a petition for review in the California Supreme Court. (Pet. at 3). For AEPDA purposes, his 1996 conviction became final forty days after the denial of his appeal. See former Cal. R. Ct. 24, 28. Thus, to the extent that petitioner is directly challenging his 1996 conviction, it appears that the Petition is barred by the statute of limitations by over twenty years, unless statutory[6] or equitable[7] tolling of the limitation period is warranted. No such tolling appears to apply here.

/

/

---

[5] Beeler was overruled on other grounds in Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

[6] The running of the AEDPA limitation period is "statutorily tolled" while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This provision tolls the statute for the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application. The statute is not tolled between the time a final decision is issued on direct review and the time the first state collateral challenge is filed, because there is no case "pending" during that time. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.1999).

[7] The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). In order to qualify, a petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) that an "extraordinary circumstance" stood in his way that prevented him from timely filing. Id. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). The "extraordinary circumstance" requirement "suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal quotation marks and citation omitted). "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (citations, internal quotations marks, and brackets omitted).

1  **C. TO THE EXTENT PETITIONER CHALLENGES HIS CURRENT CONVICTION BASED ON AN ENHANCED SENTENCE, <u>LACKAWANNA</u> BARS THE PETITION**

To the extent petitioner asserts that his current conviction was unlawfully enhanced based on his 1996 conviction because his prior robbery conviction should be reclassified as a misdemeanor offense, his claim is foreclosed by <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001). In <u>Lackawanna</u>, the Supreme Court held that, absent certain exceptions, a federal habeas petitioner cannot attack a prior conviction under § 2254. 532 U.S. at 401-05. In stressing that its decision was grounded on the need for finality in state convictions and the ease of administration, the <u>Lackawanna</u> Court stated:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. [Citation omitted.] If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

<u>Id.</u>, 532 U.S. at 403-04.

Here, none of the exceptions to the <u>Lackawanna</u> rule applies. First, petitioner does not allege that he was deprived of counsel in connection with his 1996 conviction. See <u>Lackawanna</u>, 532 U.S. at 404; <u>see also</u> <u>Gideon v. Wainwright</u>, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Next, petitioner does not assert that the state court, without justification, refused to rule on a properly presented constitutional claim challenging his 1996 conviction. See <u>Lackawanna</u>, 532 U.S. at 405; <u>Dubrin v. California</u>, 720 F.3d 1095 (9th Cir. 2013) (recognizing exception to <u>Lackawanna</u> where state courts had, "'without justification, refuse[d] to rule on a constitutional claim that ha[d] been properly presented' to them"). Nor does petitioner assert that evidence of actual innocence was discovered after the time for review had expired. See <u>Lackawanna</u>, 532 U.S. at 405.

As shown, petitioner's case does not appear to fall within any of the exceptions to the Lackawanna bar. Thus, any challenge to the basis of petitioner's 1996 robbery conviction is foreclosed under Lackawanna.

**D.    PETITIONER'S CLAIM REGARDING PROPOSITION 47 IS NOT COGNIZABLE**

In any event, to the extent petitioner is challenging the state court's denial of his application to reduce his 1996 felony robbery conviction to a misdemeanor pursuant to California's Proposition 47, such a claim is not cognizable on federal habeas review. A petitioner may seek federal habeas relief from a state court conviction or sentence if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Matters relating solely to the interpretation and/or application of state law generally are not cognizable on federal habeas review. See, e.g., Rhoades v. Henry, 611 F.3d 1133, 1142 (9th Cir. 2010) ("violations of state law are not cognizable on federal habeas review"); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). Here, petitioner's claim regarding the reduction of a prior felony conviction to a misdemeanor under Proposition 47 only challenges the application of state law, and thus, the claim is not cognizable. See McKinney v. Pfeiffer, 2017 WL 1078441, at *4 (C.D. Cal. Jan. 11, 2017) ("[T]o the extent petitioner is challenging the superior court's denial of his application to reduce one of his convictions to a misdemeanor pursuant to Proposition 47, such claims are not cognizable on federal habeas review."), Report and Recommendation accepted, 2017 WL 1073340 (C.D. Cal. Mar. 21, 2017); Adams v. Borders, 2016 WL 4523163, at *3 (C.D. Cal. July 29, 2016) (habeas claim pursuant to Proposition 47 not cognizable), Report and Recommendation adopted, 2016 WL 4520906 (C.D. Cal. Aug. 29, 2016). Moreover, to the extent that the California courts determined that a robbery offense was ineligible for reclassification from a felony to a misdemeanor under Proposition 47, a federal habeas court

is bound by the state court's interpretation of state law. See Bradshaw v. Richey, 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed. 2d 407 (2005) (per curiam). (See Pet. at 25).

## E. CONCLUSION

In light of the foregoing, **no later than January 24, 2018**, petitioner must submit to the Court a response making clear his arguments, if any, as to why the Petition should not be dismissed: (1) for lack of jurisdiction; (2) as time barred; (3) as barred by Lackawanna; and/or (4) as not cognizable. All facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents.

Alternatively, if petitioner agrees that the Petition should be dismissed without prejudice for any of the reasons discussed above, he may file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41"). Rule 41 allows for the voluntary dismissal of an action by a petitioner[8] without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987). Respondent has not yet appeared in this action. The Court clerk is directed to send petitioner a copy of a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)" along with this Order to Show Cause.

---

[8] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." See also Hilton v. Braunskill, 481 U.S. 770, 776 & n.5 (1987) (Federal Rules of Civil Procedure may be applied to habeas petitions so long as they are not inconsistent with the Rules Governing Section 2254 Cases). The Rules Governing Section 2254 Cases do not contain a specific provision addressing voluntary dismissals. See Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993) (applying Rule 41 to a petitioner's request for voluntary dismissal of his habeas petition); Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases"); Woods v. Knowles, 2003 WL 21767470, at *1 (N.D. Cal. July 23, 2003). Thus, Rule 41, which otherwise governs such dismissals, is applicable to this habeas action.

**Failure to respond by January 24, 2018, will result in the Petition being summarily dismissed with prejudice for the reasons set forth above.**

DATED: December 28, 2017

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE