**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| HECTOR OROZCO, | No. CV 17-9012-AB (PLA) |
|            Petitioner, | **ORDER DISMISSING PETITION** |
|       v. | |
| CALIFORNIA DEPT. OF CORRECTIONS, | |
|            Respondent. | |

**I.**

**BACKGROUND**

      Hector Orozco ("petitioner") initiated this action on December 15, 2017, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). Petitioner is currently in custody pursuant to a conviction in case number TA-089787

and is housed at Mule Creek State Prison in Ione, California.[1]  (Pet. at 1-2[2]).  Petitioner in the

Petition, however, challenges his conviction *in 1996* in case number SA-024705 for second degree

robbery (Cal. Penal Code § 211), and assault with a deadly weapon (Cal. Penal Code §

245(a)(1)).  (Pet. at 2, 22).  Petitioner completed a six year sentence for that conviction, and now

contends that his 1996 conviction for second degree robbery should be reclassified as a

misdemeanor pursuant to Proposition 47, which, presumably, would result in a reduced sentence

in case number TA-089787.[3]  (Pet. at 2, 11-12, 22).

Petitioner raised this claim in a habeas petition filed in the Los Angeles County Superior

Court on December 5, 2016.  The superior court denied the petition on December 21, 2016,

stating in pertinent part:

> Petitioner was convicted by jury on June 19, 1996[,] of second degree robbery, in violation of Penal Code section 211, and assault with a deadly weapon, in violation of Penal Code section 245(a)(1). On October 29, 1996, Petitioner was sentenced to 6 years in the state prison.  One May 16, 1997, the judgement was affirmed by the Second Appellate District.  Thereafter, Petitioner filed a Petition for a Writ of Habeas Corpus which was denied on May 19, 2000.
>
> Petitioner's sole contention is that his conviction for second degree robbery in violation of Penal Code section 211, as charged in Count 1, should now be re-classified as a misdemeanor theft following passage of Proposition 47.  In reality, Petitioner is asking this court to re-weigh the sufficiency of evidence for his conviction asserting that there is insufficient evidence to elevate the theft to a robbery.  On direct appeal, Petitioner challenged his robbery conviction for insufficient evidence.  That appeal was denied.  Since the petition

---

[1]  On September 10, 2007, in case number TA-089787, a Los Angeles County Superior Court jury convicted petitioner of carjacking (Cal. Penal Code § 215(a)), evading an officer (Cal. Vehicle Code § 2800.2), and possession of a firearm by a felon (Cal. Penal Code § 12021(a)(1)). He was sentenced to state prison for a total of thirty-four years, four months.  <u>People v. Orozco</u>, 2010 WL 716592, at *1 (Cal. App. 2 Dist. 2010).

[2]  For ease of reference, the Court uses the ECF-generated page numbers when referring to the 2017 Petition and attachments.

[3]  Proposition 47, which took effect in California in November 2014, "reduced the penalties for certain drug and theft-related offenses and reclassified those offenses as misdemeanors rather than felonies. [Citations.]  It also added section 1170.18 to the Penal Code, which allows those previously convicted of felonies that were reclassified as misdemeanors under Proposition 47, to petition the court to have their felony convictions designated as misdemeanors."  <u>People v. Zamarripa</u>, 247 Cal.App.4th 1179, 1182-83, 202 Cal. Rptr. 3d 525 (Cal. App. 2 Dist. 2016).

raises issues which were raised and rejected on appeal and Petitioner has failed to allege facts establishing an exception to the rule barring habeas consideration of claims that were [ ] raised on appeal, the Petition is denied. [Citations.]

Moreover, since Petitioner completed his sentence on this matter, while he may be in custody in case TA089787, he is no longer in custody on this matter as defined under [California] Penal Code §§ 1473.

(Pet. at 22-23).

Next, petitioner filed a habeas petition in the California Court of Appeal, which was denied on February 17, 2017.[4]  (Pet. at 25).  Petitioner also filed a habeas petition in the California Supreme Court, which was denied on October 11, 2017.  (Pet. at 27).

On December 28, 2017, the Magistrate Judge issued an Order to Show Cause Re: Dismissal of Habeas Petition ("OSC"), in which petitioner was required to show cause why the Petition, which raises the single ground for relief based on Proposition 47 (see Petition at 11-12), should not be dismissed for:  lack of jurisdiction and as time-barred to the extent petitioner is directly challenging his 1996 conviction; or, alternatively, as barred by Lackawanna County District Attorney v. Coss, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), to the extent petitioner is indirectly challenging his 1996 conviction as a sentence enhancement to his current sentence; or as not cognizable to the extent petitioner is asserting a Proposition 47 challenge.  (See OSC at 3-7).  On February 23, 2018, petitioner filed a Response, in which he asserts that (1) he satisfies the "in custody" requirement for habeas challenges because he is "suffering from an extended sentence and enhancement from the 1996 conviction," and therefore the Court has jurisdiction;  (2) his Petition is not time barred because he initiated this action after his corrections counselor notified him he was eligible to have his 1996 conviction reduced to a misdemeanor; and (3) the rule in Lackawanna does not bar his Petition because he "was deprived an effective

---

[4]     The appellate court's denial states that "Petitioner's 2007 robbery conviction is ineligible for reclassification as a misdemeanor under Proposition 47." (Pet. at 25).  In the instant Petition, and in petitioner's habeas petition filed in the Los Angeles County Superior Court, however, petitioner challenges the classification of his 1996 conviction for robbery.  Moreover, petitioner was not convicted of robbery in 2007.  See Orozco, 2010 WL 716592.  Accordingly, it appears that the appellate court inadvertently stated "2007" instead of "1996" with respect to the robbery conviction.

defense by counsel and by the appe[l]late attorney[ ] who failed to raise and challenge the enhancement to his current conviction." (Response at 2). The Magistrate Judge subsequently discharged the Order to Show Cause.

## II.

## DISCUSSION

It appears from petitioner's Response to the OSC that he is not directly challenging his 1996 conviction, but instead is challenging his current sentence to the extent it was enhanced by the 1996 conviction.[5] As the Magistrate Judge set forth in the Order to Show Cause, the Supreme Court's ruling in <u>Lackawanna</u> forecloses such a claim. In <u>Lackawanna</u>, the Supreme Court stated that "once a state conviction is no longer open to direct or collateral attack in its own right . . . the conviction may be regarded as conclusively valid." <u>Lackawanna</u>, 532 U.S. at 403. Here, because petitioner has not shown that his 1996 conviction is still open to either direct or collateral attack in its own right, he may not challenge the 1996 conviction in a federal habeas petition.[6] See <u>Fisher v. Ventura Cty. Sheriffs Narcotics Agency</u>, 2014 WL 2772705, at *6 (C.D. Cal. June 18, 2014)

---

[5]   In any event, even if petitioner were attempting to directly attack his 1996 conviction, he is prohibited from doing so because he is no longer in custody with respect to that conviction, and the Court would therefore lack subject matter jurisdiction. See 28 U.S.C. 2254(a) (federal court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). (See also OSC at 3). Moreover, any direct challenge to his 1996 conviction would likely be time barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). (See OSC at 3-4).

[6]   While the Supreme Court discussed possible exceptions to the <u>Lackawanna</u> bar, none of the exceptions applies in petitioner's case. For example, although petitioner asserts that his counsel was ineffective by failing to provide an "effective defense" (Response at 2), petitioner does not claim that he was <u>without</u> counsel at the time of his 1996 conviction. See <u>Lackawanna</u>, 532 U.S. at 404; <u>Gideon v. Wainwright</u>, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Further, there is no evidence that petitioner was ever prevented from seeking a direct appeal or state collateral relief from his 1996 conviction; nor has he cited any newly discovered evidence establishing that he is actually innocent of committing the crimes underlying his 1996 conviction. See <u>Lackawanna</u>, 532 U.S. at 405. Thus, petitioner is unable to avoid the <u>Lackawanna</u> bar to his claim.

("Petitioner may not challenge the 1999 Conviction directly, because he does not meet the 'in custody' requirement and subject-matter jurisdiction is lacking. He also may not challenge the 1999 Conviction indirectly through an attack on the sentence imposed on him in Kern County in 2012, because the Lackawanna rule prohibits him from doing so. These two defects are fundamental and not rectifiable.").

Additionally, to the extent petitioner is challenging the state court's denial of his application to reduce his 1996 felony robbery conviction to a misdemeanor pursuant to California's Proposition 47, such a claim is not cognizable on federal habeas review. A petitioner may seek federal habeas relief from a state court conviction or sentence if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Matters relating solely to the interpretation and/or application of state law generally are not cognizable on federal habeas review. See, e.g., Rhoades v. Henry, 611 F.3d 1133, 1142 (9th Cir. 2010) ("violations of state law are not cognizable on federal habeas review"); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). Here, petitioner's claim regarding the reduction of a prior felony conviction to a misdemeanor under Proposition 47 only challenges the application of state law, and thus, the claim is not cognizable. See McKinney v. Pfeiffer, 2017 WL 1078441, at *4 (C.D. Cal. Jan. 11, 2017) ("[T]o the extent petitioner is challenging the superior court's denial of his application to reduce one of his convictions to a misdemeanor pursuant to Proposition 47, such claims are not cognizable on federal habeas review."), Report and Recommendation accepted, 2017 WL 1073340 (C.D. Cal. Mar. 21, 2017); Adams v. Borders, 2016 WL 4523163, at *3 (C.D. Cal. July 29, 2016) (habeas claim pursuant to Proposition 47 not cognizable), Report and Recommendation adopted, 2016 WL 4520906 (C.D. Cal. Aug. 29, 2016). Moreover, to the extent that the California courts determined that a robbery offense was ineligible for reclassification from a felony to a misdemeanor under Proposition 47, a federal habeas court

is bound by the state court's interpretation of state law.  See Bradshaw v. Richey, 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed. 2d 407 (2005) (per curiam).  (See Pet. at 25).

Accordingly, dismissal of the Petition for these reasons is appropriate.

### III.

### CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing § 2254 Cases, a court must grant or deny a certificate of appealability ("COA") when entering a final order adverse to the petitioner.  See also 28 U.S.C. § 2253(c).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA.  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A COA may issue "only if . . . [there is] a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A "substantial showing . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (citation omitted); see also Sassounian v. Roe, 230 F.3d 1097, 1101 (9th Cir. 2000).  Thus, "[w]here a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack, 529 U.S. at 484.  Additionally, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id. at 484.

The Court concludes that, for the reasons set forth supra, jurists of reason would not find the Court's determination that petitioner's claim is barred by Lackawanna, and/or as not cognizable, debatable or wrong.  Accordingly, a certificate of appealability is **denied**.  Petitioner

is advised that he may not appeal the denial of a COA, but he may ask the Ninth Circuit Court of Appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. <u>See</u> Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

**IV.**

**<u>ORDER</u>**

IT IS THEREFORE ORDERED that this action is **dismissed with prejudice** for the reasons stated above. A certificate of appealability is also denied.

DATED: March 5, 2018

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE